(February 3, 1927.)

THE FEDERAL LAND BANK OF SPOKANE, a Corporation, Plaintiff, v. E. N. WOOD and SARAH M. WOOD, Husband and Wife, THOMAS SCHOLTZ, RUTH SCHOLTZ, W. G. SCHOLTZ, W. G. SCHOLTZ, as Executor of the Estate of JUDITH C. SCHOLTZ, Deceased, ROY BUMGARNER, CARL BUMGARNER, H. CRAIG, FIRST NATIONAL BANK OF ONTARIO, OREGON, a Corporation, and NAMPA NATIONAL FARM LOAN ASSOCIATION, a Corporation, Defendants, and THE STOCKMEN'S NATIONAL BANK OF NAMPA, a Corporation, Defendant and Cross-complainant, THOMAS SCHOLTZ and RUTH SCHOLTZ, Minors, by M. H. EUSTACE, Their Guardian Ad Litem, Appellants, v. THE STOCKMEN'S NATIONAL BANK OF NAMPA, a Corporation, and NAMPA NATIONAL FARM LOAN ASSOCIATION, a Corporation, Respondents.

[253 Pac. 833.]

MORTGAGES—SALE ON FORECLOSURE—JUDGMENT DEBTOR'S DIRECTION TO SHERIFF.

Where two judgment debtors, neither of whom was in possession of property at time of foreclosure sale, could not agree on order of sale of respective parcels of land, and sheriff in following direction of one judgment debtor did not act improperly, fraudulently or illegally, sale was valid under C. S., sec. 6924.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Order of the district court setting aside foreclosure sale. *Reversed.*

M. H. Eustace, for Appellants.

The directions of the judgment debtor as to the order of sale of real estate when sold in separate parcels must be

Publisher's Note.

See Mortgages, 27 Cyc., p. 1699, n. 45 New.

followed. (C. S., sec. 6924; *Wooddy v. Jameson,* 5 Ida. 466, 50 Pac. 1008; *Ontario Land & Improvement Co. v. Bedford,* 90 Cal. 181, 27 Pac. 39.)

The defendant E. N. Wood, as the mortgagor, is the "judgment debtor" authorized by statute to direct the order of sale of mortgaged premises when sold in separate parcels. (*Bateman v. Kellogg,* 59 Cal. App. 464, 211 Pac. 46; *Northwest Trust & Safe Deposit Co. v. Butcher,* 98 Wash. 158, 167 Pac. 46; *Winslow v. Central Iowa Ry. Co.,* 71 Iowa, 197, 32 N. W. 330; *Beronio v. Ventura Co. Lumber Co.,* 129 Cal. 232, 79 Am. St. 118, 61 Pac. 958; *Simpson v. Castle,* 52 Cal. 644.)

Bissell & Bird, for Respondents.

In order to enable an individual to direct the order of sale of separate parcels of land, upon sale under mortgage foreclosure, he must have been adjudged personally liable for any deficiency, remaining unsatisfied by such sale. (C. S., sec. 6924.)

Mortgagor Wood is not the judgment debtor having authority to direct the order of sale in the present cause, because he was not adjudged personally liable for the deficiency and because he was not deprived of any rights in the *rem* by the decree of foreclosure. (*Northwest Trust etc. Co. v. Butcher,* 98 Wash. 158, 167 Pac. 46; *Canadian Birkbeck Inv. etc. Co. v. Williamson,* 32 Ida. 624, 186 Pac. 916; *Hibernia Savings & Loan Soc. v. Behnke,* 121 Cal. 339, 53 Pac. 812.)

The Nampa Farm Loan Association was adjudged liable for the deficiency and it therefore had the right to direct the order of sale of the respective parcels. The land was not sold in the order directed by said association and the sale is void. (*Wooddy v. Jameson,* 5 Ida. 466, 50 Pac. 1008.)

GIVENS, J.—E. N. and Sarah M. Wood, husband and wife, gave a mortgage covering three pieces of property to the Federal Land Bank of Spokane and a second mortgage on two of the same pieces of property to the Stockmen's

National Bank of Nampa. The payment of the loan from the Federal Land Bank of Spokane was guaranteed by the Nampa National Farm Loan Association. Wood and wife thereafter transferred the parcel on which the Federal Land Bank of Spokane alone had a mortgage to Judith C. Scholtz, since deceased, her interest now being held by her minor heirs, Thomas and Ruth Scholtz. The land mortgaged to the Stockmen's National Bank of Nampa was thereafter deeded to the bank by Wood and his wife. Judgment of foreclosure of the mortgage held by the Federal Land Bank of Spokane was entered against Wood and wife and the Nampa National Farm Loan Association and it was ordered that if any balance remained due a deficiency judgment should be docketed against the Nampa National Farm Loan Association but not against Wood and wife as they were non-residents of the state at the time. There was, however, no deficiency, the land selling for enough to more than satisfy the first mortgage.

At the foreclosure sale the sheriff sold the respective parcels of land in the order requested by E. N. Wood, represented by his attorney in fact, and contrary to the request of the Nampa National Farm Loan Association, which sale was later, at the request of the Nampa National Farm Loan Association and The Stockmen's National Bank of Nampa, set aside by the district court and the appeal is from that order.

C. S., sec. 6924, provides, among other things: "The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the sheriff must follow such directions."

Wood and the Nampa National Farm Loan Association were both judgment debtors though neither was in possession of the property at the time of the sale. The sheriff followed the directions of one judgment debtor. The two judgment debtors could not agree and it was therefore incumbent upon the sheriff to follow one or the other of the

directions. The record does not disclose that the sheriff acted improperly, fraudulently or illegally in following the directions of Wood; hence the sale was valid and the order of the trial judge setting aside said sale is reversed, and it is so ordered. Costs awarded to appellants.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.